UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Justin Lynn Victory,<br><br>   Plaintiff<br><br>v.<br><br>Nevada State Treasurer,<br><br>   Defendant | Case No. 2:24-cv-01937-CDS-NJK<br><br>**Order Deferring Magistrate Judge's Report and Recommendation and Extending Deadline for Plaintiff to Pay Installment Fee** |

  Plaintiff Justin Victory, incarcerated at the Southern Desert Correctional Center, proceeding pro se, filed a civil rights complaint and application to proceed *in forma pauperis* (IFP). ECF Nos. 1, 1-1. In November 2024, United States Magistrate Judge Nancy J. Koppe granted Victory's IFP application and ordered that he pay an initial installment fee toward the full filing fee. Order, ECF No. 3. Based on the statute, Judge Koppe ordered Victory to pay $12.33 by December 21, 2024. *Id.* Victory was specifically warned that failure to pay may result in dismissal of his case. *Id.* Prior to the December deadline, Victory filed two motions seeking to waive the installment fee. Mots., ECF Nos. 4, 5. Judge Koppe denied the motions but extended the payment deadline to February 18, 2025. Order, ECF No. 6. To date, Victory has not made any payment nor requested more time to do so. As a result, Judge Koppe issued a report and recommendation that this case be dismissed without prejudice. R&R, ECF No. 7.

  A dismissal for failure to pay a filing fee is construed as a dismissal for failure to prosecute or failure to comply with court orders under Fed. R. Civ. P. 41(b). However, it is well established that dismissal is a harsh penalty and is imposed as a sanction only in extreme circumstances. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981)). Therefore, before dismissal, district courts are tasked with considering the availability of less drastic sanctions. *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d

829, 831 (9th Cir. 1986). Moreover, the Prisoner Litigation Reformation Act (PLRA) provision provides that a prisoner cannot "be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4); *see also Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Based on Victory's motions and exhibits, it appears that he has made several attempts to pay the $12.33 partial filing fee; but, because he was unsuccessful, Victory sought to waive the fee altogether. ECF Nos. 4, 5. However, "[t]he use of the word 'prepayment' in subsection (a) indicates that Congress did not intend to waive forever the payment of costs," it instead clearly "contemplates the postponement of fees and costs for litigants who are granted in forma pauperis status." *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981).

The United States Supreme Court has explained that the initial partial payment satisfies the PLRA's purpose, "which is to 'force prisoners to think twice about the case and not just file reflexively,'" *Bruce v. Samuels*, 577 U.S. 82, 87 (2016) (citing 141 Cong. Rec. 14572 (1995) (remarks of Sen. Kyl)). That is why, under the PLRA, prisoners who are qualified to proceed *in forma pauperis* must nonetheless pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1).

Although Judge Koppe properly denied Victory's request to waive payment of the initial partial filing fee, in consideration of a less drastic sanction before dismissal for failure to pay the fee, I defer ruling on the magistrate judge's report and recommendation and extend the time for Victory to pay the $12.33. Victory has until May 2, 2025, to make the required payment of $12.33. If Victory does not pay the partial filing fee by that date, I will adopt the R&R in full and this case will be dismissed without prejudice and without further notice.

## Conclusion

It is ordered that a decision on the magistrate judge's report and recommendation (ECF No. 7) is deferred.

It is further ordered that Victory must, **by May 2, 2025**, pay the initial installment fee in the amount of $12.33 toward the full filing fee of $350. Failure to do so by that date will result in dismissal without prejudice, and without further notice.

The Clerk of Court is directed to (1) provide Victory with two copies of this order. Victory is ordered to make the necessary arrangements to have one copy of this order attached to the check in the amount of the designated fee; (2) send a copy of this order to the attention of the inmate accounts department at Southern Desert Correctional Center, P.O. Box 208, Indian Springs, Nevada 89070. Pursuant to 28 U.S.C. § 1915(b)(2), Southern Desert Correctional Center must forward to the Clerk of the United States District Court, District of Nevada, twenty percent of the preceding month's deposits to Victory's inmate trust account (in the months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action; and (3) provide a copy of this order to the Finance Division of the Clerk's Office.

Dated: April 2, 2025

_____
Cristina D. Silva
United States District Judge