UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Justin Lynn Victory, <br><br> Plaintiff <br><br> v. <br><br> Nevada State Treasurer, <br><br> Defendant | Case No. 2:24-cv-01937-CDS-NJK <br><br> **Order Denying Plaintiff's Motion to Move Forward and Adopting Magistrate Judge's Report and Recommendation** <br><br> [ECF Nos. 7, 11] |

Plaintiff Justin Victory brings this action alleging that the Nevada State Treasurer violated his Fourth Amendment rights by "claim[ing] not to know anything of [his] $33,000-$34,000 cashiers [sic] check." Compl., ECF No 1-1 at 3. In April 2025, I deferred ruling on the report and recommendation (R&R) issued by United States Magistrate Judge Nancy Koppe and ordered Victory to pay the initial installment fee in the amount of $12.33 toward the full filing fee of $350. Order, ECF No. 8. Rather than pay the installment fee, Victory filed a "request to move forward" which Judge Koppe construed as a request to modify or withdraw the R&R. ECF Nos., 9, 10. Judge Koppe denied Victory's request noting that Victory had received deposits to his inmate trust account and had sufficient funds to make the initial payment of $12.33 but did not do so. ECF No. 10 at 4–5. In response, Victory filed a renewed motion to move forward asking me to accept the updated financial certificate he provided (ECF No. 9 at 3–10) and allow his case to proceed. Mot., ECF No. 11. I construe Victory's renewed request as an objection to Judge Koppe's order denying his first motion to move forward and to her recommendation that this case be dismissed. For the reasons set forth herein, his objection is overruled.

I.     **Legal standard**

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §

636(b)(1)(C). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Under the de novo standard, the magistrate judge's findings and recommendations are independently reviewed to determine whether they are clearly erroneous or contrary to law. A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

## II.  Discussion

Judge Koppe recommends that Victory's case be dismissed without prejudice for his failure to pay the initial partial payment toward the filing fee. R&R, ECF No. 7. Victory argues that he should be allowed to proceed without payment because regardless of what he's done, "those who have violated [his] rights, 'should still be held accountable[.]'" ECF No. 11. Nonetheless, 28 U.S.C. § 1915(b) does not provide any authority for the court to waive the payment of a filing fee.

As previously advised, and again reiterated in Judge Koppe's April 22, 2025 order, under the Prison Litigation Reform Act (PLRA), all prisoners who are granted IFP status to file their civil rights actions **must pay** the full amount of the filing fee through an initial partial filing fee and subsequent monthly payments. *See* 28 U.S.C. § 1915; *see also Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 766 (9th Cir. 2023). "Filing fees are part of the costs of litigation." *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998). And a prisoner granted IFP status remains obligated to pay the statutory filing fee in "increments." *See Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015); 28 U.S.C. § 1915(b)(1) & (2). Therefore, to the extent Victory is requesting to waive the filing fee,

his motion is denied. Moreover, Victory has not demonstrated that Judge Koppe's denial of his previous request, nor the R&R's findings and recommendation, are clearly erroneous or contrary to law. So I accept the R&R in full.

The Ninth Circuit has instructed courts to consider the following factors in determining whether to dismiss an action for failure to comply with the court's order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, the first and second factors are satisfied by dismissal. Victory has failed to respond to the court's orders to pay the initial installment fee of $12.33. This failure to comply interferes with the orderly and expeditious disposition of the case. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). District courts have inherent authority to manage their dockets, including dismissing cases for failure to prosecute or comply with court orders. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). The third factor considers the risk of prejudice to the defendant. Although continued pendency of a case alone is insufficient to find prejudice, *Yourish*, 191 F.3d at 991, the defendant has not yet been served, so the risk of prejudice is low making this factor neutral. The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. However, here, I find that the fourth factor is greatly outweighed by the factors favoring dismissal. In consideration of the fifth factor—the availability of less drastic alternatives—it is noted that Victory was given multiple opportunities to pay the initial installment fee. Now, more than seven months after being directed to do so, Victory has failed to comply. Although "dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances," *Ferdik*, 963 F.2d at 1260, dismissal of this action is warranted due to Victory's failure to pay the filing fee and to comply with the court's orders.

III.     Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 7] is accept and adopted in full** so this case is dismissed without prejudice.

IT IS FURTHER ORDERED that Victory's motion to move forward in this case **[ECF No. 11] is denied**.

Because this case is dismissed, the Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: June 4, 2025

_____
Cristina D. Silva
United States District Judge